# IN THE

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAUL SNITKO, ET AL.,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>UNITED STATES OF AMERICA, ET AL.,<br><br>Defendants-Appellees. | C.A. No. 22-56050<br>D.C. No. 21-CV-4405-RGK<br>(Central Dist. Cal.)<br><br>**MOTION TO VACATE AND REMAND WITH INSTRUCTIONS TO GRANT PLAINTIFFS' REQUESTED RELIEF** |

Defendants-Appellees, by and through their counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Victor A. Rodgers, hereby move to vacate and remand the district court's judgment and instruct the district court to grant the relief Plaintiffs-Appellants seek in this appeal as certified class representatives: an order directing the FBI to sequester or destroy the records of its inventory search pertaining to class members.

This motion is made pursuant to 28 U.S.C. § 2106 and Federal Rule of Appellate Procedure 27 and is based on the attached Request for

Relief, the files and records in this case, and such further argument or evidence as may be presented to the Court.

Plaintiffs-Appellants requested that government set forth their position as follows: "Appellants obviously do not oppose vacatur and remand of the district court opinion, but Appellants cannot otherwise take a position on the motion without reading it in full. Appellants intend to file a response with the Court stating their full position."

| | |
|---|---|
| DATED: December 12, 2023 | Respectfully submitted, |
| | E. MARTIN ESTRADA<br>United States Attorney |
| | MACK E. JENKINS<br>Assistant United States Attorney<br>Chief, Criminal Division |
| | BRAM M. ALDEN<br>Assistant United States Attorney<br>Chief, Criminal Appeals Section |
| | /s/ *Victor A. Rodgers* |
| | ANDREW BROWN<br>VICTOR A. RODGERS<br>Assistant United States Attorneys |
| | Attorneys for Defendants-Appellees<br>UNITED STATES OF AMERICA,<br>ET AL. |

## **REQUEST FOR RELIEF**

Defendants-Appellees in this appeal hereby set forth the following facts:

1. On March 17, 2021, the FBI obtained warrants to search the premises of U.S. Private Vaults ("Private Vaults") and to seize evidence of conspiracy, wire fraud, money laundering, drug trafficking, and structuring. (*See* 4-ER-613-730.) The FBI executed those warrants between March 22 and 26, 2021. (*See* 1-ER-10.) While executing the warrants, the FBI inventoried the contents of Private Vaults' safe deposit boxes and prepared records, including photographs and recordings, of the inventory. (*See id.*)

2. Plaintiffs-Appellants represent a certified class of Private Vaults box holders. (Appellants' Opening Brief ("AOB") 2.) "[N]early all Plaintiffs and class members have had their seized property returned." (1-ER-10-11.) Through this appeal, they "seek an order directing the FBI to segregate or destroy [the] records" of the Private Vaults inventory search "so they can no longer be used for investigative purposes." (*See* AOB 2, 31.) They argue that *United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162 (9th Cir. 2010) (en

banc), "leaves no question that the appropriate remedy is to order the FBI to sequester or destroy the records of its search, so that they can no longer be used for investigative purposes." (AOB 71-72; *see also* Appellants' Reply Brief 32 (requesting same remedy).)

3. This appeal was argued and submitted on December 7, 2023. At oral argument, the Court expressed serious Fourth Amendment concerns about the inventory search conducted at Private Vaults.

\* \* \*

The government understands and appreciates the Court's concerns expressed at oral argument. Having reflected on those concerns following oral argument, the government seeks an equitable order that will afford Plaintiffs the maximum remedy available consistent with their request for relief. Specifically, this Court should vacate and remand with instructions that the district court "**order the FBI to sequester or destroy the records of its search pertaining to all class members, so that they can no longer be used for investigative purposes**." (*See* AOB 71-72.) This Court's remedial power under 28 U.S.C. § 2106 supports such a resolution. *See Alvarez v. Smith*, 558 U.S. 87, 94 (2009) (deeming case moot after state returned

2

the plaintiffs' seized property and recognizing the "flexible" remedial power appellate courts exercise under 28 U.S.C. § 2106 in such circumstances).

| | |
|---|---|
| DATED: December 12, 2023 | Respectfully submitted, |
| | E. MARTIN ESTRADA<br>United States Attorney |
| | MACK E. JENKINS<br>Assistant United States Attorney<br>Chief, Criminal Division |
| | BRAM M. ALDEN<br>Assistant United States Attorney<br>Chief, Criminal Appeals Section |
| | */s/ Victor A. Rodgers* |
| | ANDREW BROWN<br>VICTOR A. RODGERS<br>Assistant United States Attorneys |
| | Attorneys for Defendants-Appellees<br>UNITED STATES OF AMERICA, ET AL. |

3