# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAUL SNITKO, ET AL., *Plaintiffs-Appellants,* v. UNITED STATES OF AMERICA, ET AL., *Defendants-Appellees.* | No. 22-56050<br><br>Submitted: December 7, 2023<br>Panel: Bea, M. Smith, VanDyke |

## APPELLANTS' RESPONSE TO APPELLEES' MOTION TO VACATE AND REMAND WITH INSTRUCTIONS TO GRANT PLAINTIFFS' REQUESTED RELIEF

The government has filed something that looks like a confession of error but, on examination, does not ***actually*** confess error at all. The government states that, "[h]aving reflected," it now "seeks an equitable order that will afford Plaintiffs the maximum remedy available consistent with their request for relief," Mot. 2, but it does not say ***why*** it thinks such an order is warranted. More curious still, the government does not say what effect it thinks its Motion should have on the appeal—though certain clues (like the government's casual use of the word "moot") might lead a careful reader to believe the government is hoping to lose

quietly, perhaps through an unpublished order that would neither resolve the merits nor bind its conduct going forward.

In fact, as set forth below, the government's quasi-confession of error should have no concrete impact. Courts routinely issue decisions in cases where the government confesses error. *See, e.g.*, *Seila Law LLC v. CFPB*, 140 S. Ct. 2183, 2195 (2020); *Lucia v. SEC*, 138 S. Ct. 2044, 2050-51 (2018); *Sibron v. New York*, 392 U.S. 40, 58 (1968); *Chadha v. INS*, 634 F.2d 408, 419-20 (9th Cir. 1980), *aff'd*, 462 U.S. 919 (1983). That course is doubly appropriate here, where the government does not confess error at all. If anything, the government's quasi-confession of error underscores the need for a precedential ruling on the significant constitutional question posed by this appeal.

**I.       This Appeal Is Not Moot.**

The government does not directly argue that this appeal is moot, but it does insinuate that it might be—ending its Motion with a citation to a case about mootness and a parenthetical discussing the "'flexible' remedial power" of courts to issue orders in "moot" cases. Mot. 2-3 (citing *Alvarez v. Smith*, 558 U.S. 87, 94 (2009)).

So, it bears emphasis that this case is not moot. This Court has rejected the proposition that a case becomes moot merely because the government concedes a plaintiff should win. *See Chadha*, 634 F.2d at 419 (rejecting the argument that "since the INS has agreed that section 244(c)(2) is unconstitutional, we should decline to pass on Chadha's case"); *see also Seila Law*, 140 S. Ct. at 2195 (exercising jurisdiction where "the Government agrees with petitioner"); *Lucia*, 138 S. Ct. at 2050 (deciding case even though "the Government switched sides").

The government's quasi-confession of error does not change the fact that Plaintiffs are currently suffering an injury that is redressable by the courts. *See Chadha*, 634 F.2d at 419. Notably, the government does ***not*** say that it has acted to unilaterally provide the relief that Plaintiffs are seeking, or even that it will do so in the future.[1] Instead, the Motion makes clear that the government agrees ***judicial action*** is required to

---

[1] Even if the government did say that it had voluntarily afforded relief—and, again, it says no such thing—it would still bear a "heavy burden" to establish that it was "absolutely clear" the case was moot. *Bell v. City of Boise*, 709 F.3d 890, 898 (9th Cir. 2013). So, for instance, if the government said that it had voluntarily "sequestered" the inventory records, it would have to prove that it was "absolutely clear" that it could not simply un-sequester the records in the future. The government does not even try to make such a showing.

3

grant relief: The government says that it seeks "an equitable order" to afford Plaintiffs a "remedy." Mot. 2; *see also id.* (stating that the Court should "vacate and remand with instructions that the district court 'order the FBI to sequester or destroy the records of its search … .'"). A case that requires a judicial order to afford a remedy is plainly not moot.

II. **The Court Still Must Decide The Merits.**

The government also insinuates—but does not directly say—that the Court might issue "an equitable order" affording relief without first passing on the merits of the underlying constitutional question.

Again, this suggestion is contrary to precedent. This Court has directly held that "permanent equitable remedies can be awarded against only *illegal* executive action." *In re Clean Water Act Rulemaking*, 60 F.4th 583, 594 (9th Cir. 2023); *see also id.* ("In all instances, the authority of courts to impose permanent equitable remedies was invoked only *after* holding the executive action unlawful."). Along similar lines, the Supreme Court has long held that confessions of error by the government are "given great weight" but "do not relieve [the] Court of the performance of the judicial function" or its "obligation to lower courts to decide cases upon proper constitutional grounds in a manner which permits them to

4

conform their future behavior to the demands of the Constitution." *Sibron*, 392 U.S. at 58, 59 (cleaned up). Courts cannot enter judicial orders providing judicial relief without first deciding that there is a legal basis for that relief.[2]

If the Court instead remanded to the district court without first deciding the merits, it would place the district court in an impossible position. The district court would have no authority to issue an injunction without first finding a constitutional violation, but the district court's initial ruling upholding the search would remain unreviewed. And even if the district court decided that it could somehow enter an injunction, it would have to fashion the details of that injunction without knowing the precise nature of the violation that it was supposed to remedy.[3] Before

---

[2] The government cites *Alvarez* for the proposition that courts have "'flexible' remedial power" to enter orders "under 28 U.S.C. § 2106." Mot. 2-3. The cited discussion, however, merely affirmed the proposition that the Supreme Court has equitable authority to vacate lower court decisions after the case becomes moot pending review. *See Alvarez*, 558 U.S. at 94 (citing *Munsingwear*). A court's ability to vacate decisions in moot cases does not remotely support the proposition that courts might enter equitable orders to remedy constitutional violations without first finding that a violation occurred.

[3] In broad strokes, any remedy should (as the Opening Brief made clear, and the government now agrees) direct that records generated during the search be segregated and destroyed. *See* Mot. 2 (quoting Op. Br. 71-72). But the exact contours of that injunction have not been briefed

5

the Court can vacate and remand to the district court, the Court must first issue an opinion telling the district court where it went wrong.

When the government concedes the merits, courts sometimes appoint an *amicus* to defend the judgment below. *See, e.g.*, *Chadha*, 634 F.2d at 410; *Seila Law*, 140 S. Ct. at 2195; *Lucia*, 138 S. Ct. at 2051. In this case, however, such an appointment is unnecessary given that the government vigorously disputed the merits all the way through oral argument and only quasi-confessed error after the case was submitted. This case has been thoroughly argued for both sides, and there is nothing left for a court-appointed *amicus* to do.

### III. The Government's Quasi-Confession Of Error Underscores The Need For A Binding Precedential Ruling In This Case.

It is, of course, impossible to know what the government is intending to accomplish with its quasi-confession of error. Perhaps the government genuinely recognizes that it erred—though, if that were the case, one would expect the government to actually concede that it violated

---

on appeal and will need to be hammered out in the district court. *See* Op. Br. 72 (conclusion of brief stating that Court should remand for "appropriate relief"); *see also* D.E. 122-26 (detailed proposed judgment submitted by Plaintiffs in the district court).

6

the Fourth Amendment. It seems more likely—given the government's meritless insinuations that the case might be moot, or that the Court might enter relief without deciding the merits—that the government is trying to stave off a published opinion describing its conduct as an "egregious" and "outrageous" Fourth Amendment violation, akin to a "writ of assistance." Oral Arg. at 8:25, 19:01.

Regardless, the Motion underscores the need for a precedential opinion from the Court addressing this constitutional question. If the government truly recognizes that it erred, then that underscores the seriousness of the constitutional violation. And if the government is trying to avoid a precedential decision, then that dramatically highlights the risk that the government will try to do this again. If the government successfully slinks away without any ruling on the Fourth Amendment, then this raid may eventually be seen as a model to follow. The Court should draw a constitutional line, to ensure that cannot happen.

Date: December 19, 2023　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　*s/ Robert E. Johnson*

　　　　　　　　　　　　　　　　　　Robert E. Johnson
　　　　　　　　　　　　　　　　　　INSTITUTE FOR JUSTICE

16781 Chagrin Blvd. #256
Shaker Heights, OH 44120
Tel.: (703) 682-9320
Email: rjohnson@ij.org

Robert P. Frommer
Joseph Gay
Michael Greenberg
INSTITUTE FOR JUSTICE
901 N. Glebe Rd., Suite 900
Arlington, VA 22203
Tel.: (703) 682-9320
Email: rfrommer@ij.org
         jgay@ij.org
           mgreenberg@ij.org

Nilay U. Vora
Jeffrey A. Atteberry
THE VORA LAW FIRM, P.C.
201 Santa Monica Blvd., Suite 300
Santa Monica, CA 90401
Phone: (424) 258-5190

*Attorneys for Appellants*