# IN THE

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAUL SNITKO, ET AL., <br><br>Plaintiffs-Appellants, <br><br>v. <br><br>UNITED STATES OF AMERICA, ET AL. <br><br>Defendants-Appellees. | C.A. No. 22-56050 <br> D.C. No. 21-CV-4405-RGK <br> (Central Dist. Cal.) <br><br> **REPLY IN SUPPORT OF MOTION TO VACATE AND REMAND WITH INSTRUCTIONS TO GRANT PLAINTIFFS' REQUESTED RELIEF** |

After oral argument, the government moved this Court to give the plaintiffs exactly what they asked for—i.e., to vacate the district court's judgment and remand with instructions to "'order the FBI to sequester or destroy the records of its search pertaining to all class members, so that they can no longer be used for investigative purposes.'" (Motion at 2 (quoting AOB 71-72).) Plaintiffs nonetheless now oppose the government's motion. (Opposition ("Opp.") at 1-7.)

\* \* \*

How to dispose of this appeal is a discretionary call for this Court. The statute the government cited in its motion, 28 U.S.C. § 2106,

affords this Court "broad," *Felder v. United States*, 543 F.2d 657, 671 (9th Cir. 1976), and "flexible," *Alvarez v. Smith*, 558 U.S. 87, 94 (2009), remedial power to do what is "just under the circumstances," 28 U.S.C. § 2106. The Supreme Court has recognized the propriety of exercising that power to obviate "entirely needless," *Haynes v. United States*, 390 U.S. 85, 101 (1968), or "unnecessary proceedings," *Grosso v. United States*, 390 U.S. 62, 72 (1968), and thereby advance "considerations of sound judicial administration," *id.* at 71. The Court also has exercised its power under § 2106 at the government's suggestion, *e.g.*, *Saldana v. United States*, 365 U.S. 646, 647 (1961), and upon the government's motion, *e.g.*, *Petite v. United States*, 361 U.S. 529, 530-31 (1960). Plaintiffs fail to appreciate the breadth of this Court's statutory authority to achieve fair results.

That is why plaintiffs are incorrect in asserting that this Court may not "issue 'an equitable order' affording relief without first passing on the merits of the underlying constitutional question." (Opp. 4.) Not only is this Court "clearly empowered" to dispose of this appeal by vacating the district court's judgment with instructions to grant plaintiffs' request for relief, but doing so would be consistent with "the

settled rule that the Court will not 'anticipate a question of constitutional law in advance of the necessity of deciding it.'" *Petite*, 361 U.S. at 531 (granting government's motion to vacate without "remotely insinuating in any degree an opinion on the question of double jeopardy" presented by the petitioner).  Both the "general rule of constitutional avoidance," *Sjurset v. Button*, 810 F.3d 609, 615 (9th Cir. 2015), and judicial economy support granting the government's motion.

Plaintiffs cite *In re Clean Water Act Rulemaking*, 60 F.4th 583 (9th Cir. 2023) (Opp. 4), but that case had nothing to do with § 2106 and does not in any way restrict this Court's authority to grant complete and final relief under that statute.  Specifically, *Clean Water Act* held that when a court grants a federal agency's request for a voluntary remand to reevaluate its own action, the court may not vacate the agency action pending its reevaluation unless the court first determines that the action was unlawful.  60 F.4th at 588, 593.  In that scenario, however, the agency has not consented to judicial vacatur of the agency action; rather, the action remains in place while the agency reevaluates it on remand.  *See id.* at 590 ("[T]he EPA moved in district court for a remand of the [agency action] so that the agency could reconsider it,

3

and the agency asked the district court to leave the [agency action] in effect during that remand."). In this case—which, of course, does not involve agency rulemaking—the government seeks an order fully disposing of this appeal by granting plaintiffs exactly what they requested. Section 2106 permits such an order.

The other cases plaintiffs cite in opposing the relief they sought (Opp. 2)—*Seila Law LLC v. CFPB*, 140 S. Ct. 2183 (2020); *Lucia v. SEC*, 138 S. Ct. 2044 (2018); *Sibron v. New York*, 392 U.S. 40 (1968); and *Chadha v. INS*, 634 F.2d 408 (9th Cir. 1980), *aff'd* 462 U.S. 919 (1983)—are not remotely comparable. Each of those cases involved structural and continuing constitutional questions. *Seila Law* addressed the constitutionality of the Consumer Financial Protection Bureau's structure. 140 S. Ct. at 2195. *Lucia* decided whether administrative law judges of the Securities and Exchange Commission qualify as government "officers" subject to the Appointments Clause. 138 S. Ct. at 2049. *Sibron* considered the constitutionality of New York's stop-and-frisk law, which the state's highest court had upheld. 392 U.S. at 43, 58. And *Chadha* analyzed whether Congress was constitutionally permitted to override the deportation decisions of

4

immigration officers. 634 F.2d at 411. It makes sense to decide the constitutionality of laws or administrative systems with definite ongoing effects even when the executive branch concedes. Here, by contrast, there is no need to continue evaluating a discrete search and seizure conducted over two and a half years ago when the government is offering to provide the full relief requested by plaintiffs in this appeal.

* * *

To be clear, the government agrees that this case is not moot. (Opp. 2-4.) That is why the government seeks a court order in plaintiffs' favor. If plaintiffs "are currently suffering an injury that is redressable by the courts" (Opp. 3), they should not oppose redress on precisely the terms they requested.

Litigants are not entitled to a "published opinion" or "precedential decision" (Opp. 7) merely because they would prefer one. "Basic to the operation of the judicial system is the principle that a court speaks through its judgments and orders." *Bell v. Thompson*, 545 U.S. 794, 805 (2005). "And federal courts do not issue advisory opinions." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 424 (2021); *see also Ford v. Peery*, 9 F.4th 1086, 1091–92 (9th Cir. 2021) (VanDyke, J., dissenting

5

from denial of rehearing en banc) (noting that judicial review is limited to *actual* controversies"). Here, plaintiffs demanded relief, the district court denied them relief, and the government, after hearing and considering this Court's concerns at oral argument, now asks that plaintiffs be afforded the relief they demanded. That should end the matter.

Nevertheless, to respond to plaintiffs' various and unnecessary insinuations of impropriety, the government of course also wants to avoid a published judicial opinion impugning the actions or good faith motivations of law enforcement in this highly unusual case, in which a company was aiding criminality and protecting criminals by operating a vault of anonymous safe-deposit boxes. And there is nothing sinister or unfair about acceding to plaintiffs' request for relief in order to avoid having the Court unnecessarily issue an opinion that may have unintended consequences in ordinary cases far removed from the facts and circumstances of the case currently before the Court. In the unique circumstances of this case, remanding with instructions to the district court to order the relief plaintiffs sought serves justice best. The only unfairness, if any, is plaintiffs' resistance to an order granting them the

remedy they asked for merely because they would prefer that their relief be awarded in a published opinion.

* * *

The government has agreed to the relief plaintiffs requested. This Court should enter a simple order granting that relief.

| | |
|---|---|
| DATED: December 26, 2023 | Respectfully submitted, |
| | E. MARTIN ESTRADA<br>United States Attorney |
| | MACK E. JENKINS<br>Assistant United States Attorney<br>Chief, Criminal Division |
| | */s/ Bram M. Alden* |
| | BRAM M. ALDEN<br>Assistant United States Attorney<br>Chief, Criminal Appeals Section |
| | ANDREW BROWN<br>VICTOR A. RODGERS<br>Assistant United States Attorneys |
| | Attorneys for Defendants-Appellees<br>UNITED STATES OF AMERICA,<br>ET AL. |